**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| DARRIN JOHNSON, JR.,<br>*Plaintiff*,<br>v.<br>INTERNAL REVENUE SERVICE,<br>*Defendant*. | Case No. 1:25-cv-02117 |

**MEMORANDUM OPINION**

Plaintiff Darrin Johnson, Jr. ("Plaintiff" or "Mr. Johnson") sued the Internal Revenue Service ("Defendant" or the "United States")[1] seeking a $1,543.71 tax refund pursuant to 26 U.S.C. § 7422. The United States has filed a motion to dismiss. For the reasons outlined below, the Court will dismiss Plaintiff's claims.

## I. BACKGROUND[2]

### A. Facts

On January 31, 2025, Mr. Johnson paid $1,543.71 in federal taxes and fees for tax year 2021. ECF No. 3 ¶ 7. Four days later, on February 3, 2025, Mr. Johnson filed a federal tax return for 2021 using IRS Form 1040, and an amended return using Form 1040X. ECF No. 3 ¶ 6. On his Form 1040X, Mr. Johnson indicated that he was seeking a tax refund in the amount of $1,517.16. ECF No. 15-2 at 1.

On the final page of Form 1040X, a person submitting the form must attest to the

[1] The United States is the real party in interest in this suit. For the avoidance of confusion, the Court will refer to Defendant as the United States and refer to the Internal Revenue Service ("IRS") only when relevant in other contexts.

[2] In considering a motion to dismiss under Rule 12(b)(6), the Court must "accept as true all of the factual allegations contained in the complaint[.]" *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016).

following (referred to as a jurat[3]): "Under penalties of perjury, I declare that I have filed an original return, and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete." *Id.* at 2. On his form 1040X for 2021, Mr. Johnson did not sign the jurat as required. Instead, he wrote in the phrase "Without Recours[e] Without Prejudice" above his signature. *Id.*

On April 19, 2025, the IRS requested a signed Schedule A for Mr. Johnson's 2021 tax return. ECF No. 3 ¶ 8; *see also* ECF No. 17-2 at 2. Schedule A is an IRS form for itemized deductions. *See United States v. Redmond*, 188 F. App'x 377, 379 (6th Cir. 2006). Plaintiff alleges that he mailed the requested Schedule A on or about May 3, 2025. ECF No. 3 ¶ 9. On June 13, 2025, the IRS sent Mr. Johnson Letter 105C, stating that it could not process Mr. Johnson's return because he "did not respond to [the IRS] notice requesting Schedule A." *Id.* ¶ 10; ECF No. 17-2 at 2.

### B. Procedural History

Plaintiff filed this case on June 30, 2025, ECF No. 1, and an amended complaint on July 5, 2025, ECF No. 3, in which he seeks relief in the form of a tax refund from the United States in the amount of $1,543.71 plus interest, and also that the Court "[d]eclare that that Plaintiff complied with IRS Requirements and timely submitted all necessary documentation." *Id.* at 3. Defendant filed a motion to dismiss the amended complaint pursuant to Rules 12(b)(1) and 12(b)(6). ECF No. 15. Plaintiff filed an opposition brief, ECF No. 17, and Defendant filed a reply brief, ECF No. 18.

---

[3] The "jurat" is "the place in the return that is provided for the signature of the taxpayer" and includes the declaration that the return is made under the penalties of perjury. *Sloan v. Comm'r*, 53 F.3d 799, 799 (7th Cir. 1995).

## II. DISCUSSION

### A. Standard of Review

A complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Mere "labels, conclusions, recitation of a claim's elements, and naked assertions devoid of further factual enhancement" are insufficient to meet the Rule 8 pleading standard. *ACA Fin. Guar. Corp. v. City of Buena Vista*, 917 F.3d 206, 211 (4th Cir. 2019). When a defendant asserts that, even assuming the truth of the alleged facts, the complaint fails "to state a claim upon which relief can be granted," the defendant may move to dismiss the complaint. Fed. R. Civ. P. 12(b)(6).

A court may consider a document submitted by the movant that was not expressly incorporated into the complaint without converting the motion into one for summary judgment in the limited circumstances where (1) there is no dispute about the document's authenticity and (2) the document was integral to the complaint. *See Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016). Here, the United States attached to its motion Mr. Johnson's Form 1040X for tax year 2021, ECF. No. 15-2, and Mr. Johnson attached to his motion the Letter 105C he received from the IRS in June 2025, ECF No. 17-2. No party disputes the authenticity of either document, and Plaintiff expressly relied on both in his amended complaint. *See* ECF No. 3 ¶ 6 ("Plaintiff filed . . . an amended return (Form 1040X) for the tax year 2021."); *id.* ¶ 10 ("[T]he IRS issued Letter 105C on June 13, 2025."). Accordingly, the Court may consider, and does consider, both documents without converting the motion to one for summary judgment.

### B. Plaintiff Cannot Bring a Claim for a Refund Pursuant to 26 U.S.C. § 7422.[4]

Plaintiff brings his claim for a refund under Section 7422(a) of the Internal Revenue Code, which provides as follows:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a). Thus, this Court must dismiss this suit if Plaintiff has not "duly filed" a claim for a refund that complies with the laws and regulations that govern federal tax returns. *See Oosterwijk v. United States*, Case No. 21-cv-1151-CCB, 2022 WL 255348, at *4 (D. Md. Jan. 27, 2022) ("If the refund claim does not meet the requirements of the Code and the regulations, the suit must be dismissed.").[5]

One such statute requires that a return "contain or be verified by a written declaration that it is made under penalties of perjury." 26 U.S.C. § 6065. And one such regulation requires that for a taxpayer to receive a refund, "[t]he statement of the grounds and facts must be verified by a written declaration that it is made under the penalties of perjury." 26 C.F.R. § 301.6402-2. "Signing under penalty of perjury means

[4] The government originally argued that Plaintiff failed to exhaust his administrative remedies, ECF No. 15 at 2, but later withdrew that argument, ECF No. 18 at 1.

[5] The Court need not decide whether the "duly filed" requirement of 26 U.S.C. § 7422(a) is jurisdictional. *Compare Oosterwijk*, 2022 WL 255348, at *3–4 (applying a jurisdictional framework to its 26 U.S.C. § 7422(a) analysis), *with Brown v. United States*, 22 F.4th 1008, 1012 (Fed. Cir. 2022) ("We conclude that the 'duly filed' requirement in § 7422(a) is more akin to a claims-processing rule than a jurisdictional requirement."). Either way, Plaintiff's refund claim is subject to dismissal. The Court analyzes the issue here under Rule 12(b)(6), not Rule 12(b)(1).

that a taxpayer can't delete or alter the jurat language found in standard IRS forms." *Green v. Comm'r*, 95 T.C.M. (CCH) 1512, at *5 (T.C. 2008), *aff'd*, 322 F. App'x 412 (5th Cir. 2009); *see also United States v. Moore*, 627 F.2d 830, 834 (7th Cir. 1980) ("The forms he submitted to the I.R.S. were not returns because the declaration that the forms were completed and signed under penalty of perjury was obliterated."). Any qualifications added to a signature on a return form raise "doubt" as to whether taxpayers' signatures under the jurat are made under penalty of perjury, and the IRS is "entitled to construe alterations of the jurat against the taxpayer." *Sloan v. Comm'r*, 53 F.3d 799, 800 (7th Cir. 1995).

Plaintiff requested his refund via Form 1040X, and he added the phrase "Without Recours[e] Without Prejudice" above his signature (ECF 15-2 at 2):


Sign Here

**Remember to keep a copy of this form for your records.**

Under penalties of perjury, I declare that I have filed an original return, and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information about which the preparer has any knowledge.

Your signature | 2-3-2025 Date | Freelancer-Entrepreneur Your occupation

Plaintiff argues that the phrase does not "negate the statement that the return is true, correct, and complete," "purport to strike the jurat," "disclaim tax liability," or "condition the penalties-of-perjury certification." ECF No. 17 at 3. As discussed above, however, qualifications like these violate both 26 U.S.C. § 6065 and 26 C.F.R. § 301.6402-2. "[T]he guessing games engendered by qualifications like [Plaintiff's] are an unreasonable impediment to the administration of the nation's tax laws." *Sloan v. Comm'r*, 102 T.C. 137, 146 (1994), *aff'd*, 53 F.3d 799 (7th Cir. 1995). And in other (non-tax) contexts, courts have found that similar disclaimers contravene the purposes of signature requirements. *See, e.g.*, *Maida v. United States*, No. 2:24-cv-02375-RFB-MDC, 2025 WL 48934, at *2 (D. Nev. Jan. 7, 2025) (holding that the disclaimers

"without recourse" and "without prejudice," among others, "contravene one of the fundamental purposes of Rule 11"); *Bey v. Mower Cnty. Health & Hum. Servs. Off. of Child Support*, Case No. 15-cv-2728-JNE/TNL, 2015 WL 4488483, at *1 (D. Minn. July 23, 2015) (denying an *in forma pauperis* application in part because the disclaimer "without prejudice, without recourse" added above the signature suggested that the applicant was "perhaps attempting to avoid the potential consequences of untruthful answers").[6]

Plaintiff alternatively argues that the government is foreclosed from arguing that his Form 1040X was not a return given that the IRS "issue[d] a formal statutory disallowance." ECF No. 17 at 5. This argument also fails. The "IRS cannot waive" the signature requirement of 26 U.S.C. § 6065. *Brown v. United States*, 22 F.4th 1008, 1013 (Fed. Cir. 2022) (citing *Angelus Milling Co. v. Comm'r*, 325 U.S. 293, 296–97 (1945)); *see also Angelus Milling*, 325 U.S. at 296 ("Insofar as Congress has made explicit statutory requirements, they must be observed and are beyond the dispensing power of Treasury officials."). Although the IRS may waive the requirements of 26 C.F.R. § 301.6402-2, for the taxpayer to successfully assert a waiver "[t]he showing should be unmistakable that the Commissioner has in fact seen fit to dispense with his formal requirements and to examine the merits of the claim." *Angelus*, 325 U.S. at 297–98. Here, the IRS did not "examine the merits" of Plaintiff's claim for a return, *id.*, as the Letter 105C merely stated that the IRS could not "process" the Form 1040X without a

---

[6] For similar reasons, Plaintiff's argument that dismissal is inappropriate because there are "factual disputes regarding the legal effect of additional signature language" is unavailing. ECF No. 17 at 6. As Plaintiff notes, the question is the "legal effect" of the language he added to the jurat. *Id.* There are no factual questions that need to be resolved to address that issue.

Schedule A, and did not address the merits of the refund request. ECF No. 17-2 at 2–3. The Letter 105C thus did not waive the requirements of 26 C.F.R. § 301.6402-2.

For these reasons, by adding the phrase "without recourse without prejudice" to his signature, Plaintiff did not sign Form 1040X under penalties of perjury as required. Therefore, the form did not qualify as a return, and Plaintiff's claims must be dismissed.

### C. Plaintiff Cannot Bring a Claim for Declaratory Relief.

In his amended complaint, Plaintiff requests a "[d]eclaration that Plaintiff complied with IRS requirements and submitted all requested documentation." ECF No. 3 at 3. In general, the Court must dismiss claims for declaratory relief involving federal taxes unless Congress has provided Plaintiff with no alternative remedy.[7] *See* 28 U.S.C. § 2201; *Sigmon Coal Co. v. Apfel*, 226 F.3d 291, 300 (4th Cir. 2000), *aff'd sub nom. Barnhart v. Sigmon Coal Co.*, 534 U.S. 438 (2002) (holding that an action for declaratory relief involving federal taxes "runs afoul of the tax-exclusion provision of the Declaratory Judgment Act"). Here, Congress has provided the opportunity to bring a claim for a refund under 26 U.S.C. § 7422.

Plaintiff, for his part, does not argue that he is entitled to declaratory relief. Instead, he requests this Court recognize that "the substance of the action is a refund claim." ECF No. 17 at 5. Accordingly, to the extent that Plaintiff brings a claim for declaratory relief, that claim is dismissed.

[7] "[T]he tax-exclusion provision of the Declaratory Judgment Act cannot be regarded as a jurisdictional bar." *In re Leckie Smokeless Coal Co.*, 99 F.3d 573, 582 (4th Cir. 1996). The Court therefore dismisses Plaintiff's refund claim under Rule 12(b)(6).

## III. CONCLUSION

For the foregoing reasons, the Court will grant Defendant's motion to dismiss. An appropriate order follows.

Dated: September 11, 2026

_____________/s/___________
Adam B. Abelson
United States District Judge